No. 23-50262

In The
United States Court of Appeals
For the Fifth Circuit

**UNITED STATES OF AMERICA**
*Plaintiff-Appellee*

**v.**

**THOMAS ALAN ARTHUR,**
*Defendant-Appellant*

Appeal from the United States District Court
for the Western District of Texas – Pecos Division

# APPELLANT'S BRIEF

**Lane A. Haygood**
Texas State Bar Number:  24066670
620 N. Grant Ave., #913
Odessa, Texas 79761
Tel:    432.279.0411
Fax:    432.225.1062
*Attorney    for    the    Defendant-Appellant,*
*Thomas Alan Arthur*

**ORAL ARGUMENT NOT REQUESTED**

# CERTIFICATE OF INTERESTED PERSONS

**UNITED STATES OF AMERICA,**
                    Plaintiff-Appellee

v.                                                          No.  4:19-cr-00774-DC

**Thomas Alan Arthur,**
                    Defendant-Appellant


Counsel of record certifies that the following listed persons have an interest in the outcome of this case.  These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1.  United States of America

2.  Thomas Alan Arthur


/s/ Lane Andrew Haygood

**LANE A. HAYGOOD**
620 N. Grant Ave., Suite 913
Odessa, Texas  79761
Tel:   432.279.0411
Fax:   432.225.1062
Attorney for Thomas Alan Arthur

# STATEMENT REGARDING ORAL ARGUMENT

Given that this is an appeal following re-sentencing, oral argument is not necessary.

# TABLE OF CONTENTS

**CERTIFICATE OF INTERESTED PERSONS**......................................I

**STATEMENT REGARDING ORAL ARGUMENT**............................II

**TABLE OF CONTENTS** ........................................................III

**TABLE OF AUTHORITIES**......................................................V

**STATEMENT OF JURISDICTION** .............................................1

**STATEMENT OF THE ISSUES**

**ISSUE ONE:**    The trial court imposed a grossly disproportionate sentence on Thomas Alan Arthur based on other sentences upheld by this Court as reasonable for the same or similar offenses, and this Court should reverse for a new sentencing hearing.

**STATEMENT OF THE CASE** ....................................................3

    Course of Proceedings and Disposition in the Court Below ................................ 3

    General Statement of Facts ........................................................................ 4

**SUMMARY OF THE ARGUMENT** ..............................................7

**ISSUES AND AUTHORITIES**

    1.    Disproportionate sentence claims are rarely successful, but the Eighth Amendment does forbid unreasonable sentencing disparities. ............. 10

    1.1.    This Court has held that far lighter sentences for trafficking in obscene materials are reasonable. ...............................................................11

    1.2.    The trial court's math at sentencing does not make sense. ................... 13

1.3.    In comparing the sentence given in this case to the sentence in this and other jurisdictions, the sentence cannot be upheld.............................. 15

**CONCLUSION**........................................................................ **20**

**CERTIFICATE OF SERVICE**......................................................**21**

**CERTIFICATE OF COMPLIANCE**.............................................. **22**

# TABLE OF AUTHORITIES

## UNITED STATES SUPREME COURT CASES

*Lockyer v. Andrade,*
   538 U.S. 63 (2003) ...................................................................... 8

*Rummell v. Estelle,*
   445 U.S. 263 (1980) .................................................................. 10

*Solem v. Helm,*
   463 U.S. 277 (1983) ...............................................................8, 10

## UNITED STATES COURTS OF APPEALS CASES

*McGruder v. Puckett,*
   954 F.2d 313 (5th Cir. 1992) ........................................................ 8

*United States v. Cardenas-Alvarez,*
   987 F.2d 1129 (5th Cir. 1993) ...................................................... 8

*United States v. Farrar,*
   876 F.3d 702 (5th Cir. 2017)........................................... 11, 12, 15

*United States v. Hebert,*
   813 F.3d 551 (5th Cir. 2015) ...................................................... 10

*United States v. Looney,*
   532 F.3d 392 (5th Cir. 2008) ........................................................ 8

*United States v. Ragsdale,*
   426 F.3d 765 (5th Cir. 2005) .......................................... 9, 12, 15

## Statutes

18 U.S.C. § 1461 ................................................................. 12

18 U.S.C. § 1462 ............................................................12, 15, 16

18 U.S.C. § 1466 ................................................................. 16

18 U.S.C. § 1466A .........................................................11, 15, 16

# STATEMENT OF JURISDICTION

This Court has jurisdiction of this appeal under 28 U.S.C. 1291 and 18 U.S.C. 3742(a).

# STATEMENT OF THE ISSUES

**ISSUE ONE:**    The trial court imposed a grossly disproportionate sentence on Thomas Alan Arthur based on other sentences upheld by this Court as reasonable for the same or similar offenses, and this Court should reverse for a new sentencing hearing.

# STATEMENT OF THE CASE

## Course of Proceedings and Disposition in the Court Below

The United States Government charged Thomas Alan Arthur, Defendant-Appellant, with nine counts related to the operation of an erotic stories website: Count I – distribution of an obscene drawing; Count II – distribution of an obscene story; Count III – distribution of an obscene story; Count IV – distribution of an obscene story; Count V – distribution of an obscene story; Count VI – distribution of an obscene story; Count VII – trafficking in obscene materials; Count VII – distribution of an obscene drawing; and Count IX – distribution of an obscene drawing; as well as civil forfeiture allegations.[1] Mr. Arthur pleaded not guilty to all nine counts of the indictment, though he did stipulate to certain factual matters regarding the charges.[2] Mr. Arthur proceeded to a jury trial on the remaining issues, after which the jury found him guilty on all nine counts.[3]

---

[1] ROA.192-98.

[2] ROA.310-16.

[3] ROA.533-55.

An appeal to this Court in Cause No. 21-50607 followed, where a divided panel of this Court found that Count I was not obscene, and that the trial court should not have denied Mr. Arthur the use of his expert, Dr. David Ley, but ultimately held that such error was harmless.[4] The United States Supreme Court refused a writ of certiorari.[5]

## General Statement of Facts

The operative facts of this case are not in dispute. Thomas Alan Arthur was the administrator and owner of a website known as "mrdouble.com," which featured erotic stories, some of which that depicted fictitious minors engaged in sexually explicit conduct.[6] Authors to this site were permitted a small "author photograph," three of which were charged as obscene even though they were artistic renderings—not photographs—and did not depict any actual minors (or, as Mr. Arthur contended, minors in general).[7]

---

[4] *United States v. Arthur*, 51 F.4th 560, 575 (5th Cir. 2022).

[5] *Arthur v. United States*, 143 S.Ct. 846 (2023).

[6] ROA.310-14.

[7] ROA.1152-53; ROA.587-590.

Following this Court's resolution of Mr. Arthur's prior appeal, Mr. Arthur was returned to the trial court for resentencing.[8] Mr. Arthur's counsel, bound by the law of the case doctrine from this Court regarding issues raised—and subsequently rejected by this Court—in Cause No. 21-50607, argued only that Mr. Arthur received a disproportionate sentence and that the Court should run the sentences concurrently rather than consecutively.[9]

The trial court ultimately sentenced Mr. Arthur to five years in prison consecutively for counts II through VII, followed by ten years in prison for Counts VIII and IX, to run concurrently to the five consecutive sentences previously imposed.[10] This results in Mr. Arthur being sentenced to a total of 480 months in prison, or 40 years in prison.

This contrasts with the prior sentence, which only sentenced Mr. Arthur to a term of imprisonment for six years and eight months in count VIII and five years in count IX., but a term of imprisonment for twenty years in the now-dismissed count

---

[8] ROA.1501.

[9] ROA.1503-04.

[10] ROA.1508.

I.[11] When the consecutive and concurrent counts were calculated, the total amount of time Mr. Arthur was required to serve was 480 months in prison, the same sentence as he received on re-sentencing.[12]

---

[11] ROA.1494-95.

[12] ROA.1497.

# SUMMARY OF THE ARGUMENT

**ISSUE ONE:**    This    Court    applies    a    two-prong    approach    to disproportionate sentence claims. First, in the abstract, a sentence of forty years for the possession and promotion of obscene material is grossly disproportionate to the conduct at issue, as shown by both this Court's prior cases dealing with the same statutes that upheld as reasonable far more lenient sentences for far more egregious conduct, as well as the trial court's own change of calculation of the sentence between the two sentencing hearings. Given the sentence at the initial sentencing hearing, the sentence at the second hearing ought to have been half or less what the original sentence was; instead, the trial court engaged in a strange tweaking of the numbers to arrive at the same number of months.

Second, in comparing the sentence in this case to sentences in other cases, it is apparent that Thomas Alan Arthur received a sentence far more than any other obscenity prosecution, and there are no facts in the record that could possibility justify that level of sentence.

# ISSUES AND AUTHORITIES

**ISSUE ONE:**    DISPROPORTIONATE SENTENCE

## STANDARD OF REVIEW

The Eighth Amendment to the United States Constitution precludes a sentence that is greatly disproportionate to the offense, because such sentences are cruel and unusual.[13] While such challenges rarely succeed,[14] this Court still has the authority to determine if a sentence falls outside constitutional limitations.[15] In conducting this analysis, the United States Supreme Court has stated that there are three factors a reviewing court should consider: (1) the gravity of the offense and the harshness of the penalty; (2) the sentences imposed on other criminals in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other jurisdictions.[16]

---

[13] *McGruder v. Puckett*, 954 F.2d 313, 315 (5th Cir. 1992); *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003).

[14] *United States v. Looney*, 532 F.3d 392, 396 (5th Cir. 2008).

[15] *United States v. Cardenas-Alvarez*, 987 F.2d 1129, 1134 (5th Cir. 1993).

[16] *Solem v. Helm*, 463 U.S. 277, 292 (1983).

## ISSUE ONE

## STATEMENT OF FACTS REGARDING ISSUE ONE

Thomas Alan Arthur received, on original submission to this Court, a sentence of four hundred and eighty months, or forty years. Despite this Court's elimination of the lion's share of that sentence, a single sentence that totaled half the sentence, because the image for which Mr. Arthur received two hundred and forty months in federal prison **not** being obscene, on re-sentencing, the trial court **still** arrived at the same number by ordering sentences previously set to run concurrently to run consecutively and increasing the punishment for other offenses.[17] This is, as Mr. Arthur's counsel argued at sentencing, a disproportionate sentence given that other cases before this Court involving obscenity prosecutions resulted in far, far more lenient sentences.[18]

---

[17] ROA.1508.

[18] ROA.1503, *citing United States v. Ragsdale*, 426 F.3d 765, 770 (5th Cir. 2005), which upheld a thirty-three month sentence for selling obscene materials through the mail.

ARGUMENT AND AUTHORITIES IN SUPPORT OF ISSUE ONE

**1. Disproportionate sentence claims are rarely successful, but the Eighth Amendment does forbid unreasonable sentencing disparities.**

The United States Supreme Court has said that successful Eighth Amendment challenges should be exceedingly rare because courts must defer to Congressional prerogative in setting appropriate sentences.[19] This Court has adopted the *Solem* test in a modified, two-step fashion: first, this Court "initially make[s] a threshold comparison of the gravity of [defendant's] offenses against the severity of [defendant's] sentence."[20] Second, "[i]f the court [infers] from this comparison that the sentence is grossly disproportionate to the offense, then we compare the sentence received to (1) sentences for similar crimes in the same jurisdiction and (2) sentences for the same crime in other jurisdictions."[21]

---

[19] *Rummell v. Estelle*, 445 U.S. 263 (1980).

[20] *United States v. Hebert*, 813 F.3d 551, 565 (5th Cir. 2015).

[21] *Id.*

### 1.1.  This Court has held that far lighter sentences for trafficking in obscene materials are reasonable.

In *United States v. Farrar*, this Court considered a disproportionate sentence claim for a violation of 18 U.S.C. § 1466A while in prison already on a child pornography offense, a case with some similarities to the case at bar.[22] Farrar was originally sentenced to a term of 180 months' imprisonment after pleading guilty to possession of six counts of child pornography.[23] While in prison, he pleaded no contest to an indictment charging him with possessing six "obscene depictions of a minor engaging in sexually-explicit conduct" in violation 18 U.S.C. § 1466A.[24] For this, the district judge sentenced Farrar to the mandatory minimum sentence of ten years, but set it to run concurrently to the child pornography sentence.[25]

Ultimately, this Court held that Farrar's sentence of 180 months plus 120 months was not grossly disproportionate because he was a recidivist who continued

---

[22] 876 F.3d 702, 705 (5th Cir. 2017).

[23] *Id.*

[24] *Id.*

[25] *Id.* at 706.

his criminal behavior regarding sexual victimization of minors while in prison.[26] Despite that, his sentence was still far, far lighter than that imposed on Thomas Alan Arthur, who has **never** been convicted of possession of child pornography and never before graced the halls of a federal correctional institution.

And as discussed at the sentencing hearing, this Court should also consider the case of *United States v. Ragsdale*,[27] wherein it upheld the sentences of a husband and wife convicted of offenses under 18 U.S.C. §§ 1461 and 1462.[28] There, the Ragsdales ran a website entitled "Rape Video Store" that sold films purporting to be of actual sexual assaults.[29] For conspiracy to distribute obscene materials, utilizing both the mail and the Internet to do so, the Ragsdales received sentences of only thirty-three months.[30] The Ragsdales obviously did not challenge this sentence as grossly disproportionate, but the fact it was upheld should inform this

---

[26] *Farrar*, 876 F.3d at 716.

[27] 426 F.3d 765 (5th Cir. 2005).

[28] *Id*. at 768.

[29] *Id*. at 769.

[30] *Id*. at 770.

Court's proportionality analysis.

### 1.2.    The trial court's math at sentencing does not make sense.

In comparing the gravity of Mr. Arthur's offense against the sentence received, this Court should also consider the sentence received on original submission to this Court, when this Court eliminated an entire count from being considered at sentencing. At the original sentencing hearing, the district court stated that the lower end of the Guidelines range was 360 months, and the court felt that sentencing at 480 months was still "well toward the lower end."[31] However, this is only because of the way in which consecutive and concurrent sentences were applied, which seemed pre-determined to reach the number of 480 months.

Likewise, upon re-sentencing, the district court again carefully modified its prior sentence to arrive at the same number of 480 months.[32] Had the district court instead sentenced to the same range it had in on original submission, just without the 240-month sentence on count I, the sentence would have been: 60 months for

---

[31] ROA.1497.

[32] ROA.1508.

count II; 60 months for count III, to run consecutively to count II; 60 months for count IV, to run consecutively to count III; 60 months for count V, to run consecutively to count IV; 60 months for count VI, to run **concurrently** to count V; 60 months for count VII, to run **concurrently** with counts V and VI; 80 months for count VIII, to run **concurrently** with counts V, VI, and VII; and 60 months for count IX, to run **concurrently** with counts V, VI, VII, and VIII. That would have provided for a sentence of only 240 months for counts II through V, while counts V, VI, VII, and IX would run concurrently with the last 60 of those 240 months.

In other words, Mr. Arthur would serve 180 months for counts II, III, in sequence. On month 181, Mr. Arthur would begin serving 60 months for counts V, VI, VII, and IX concurrently. At 240 months, Mr. Arthur would have discharged all sentences save count VIII, for which he would have to serve an additional 20 months, rendering his total time served at 260 months. Eliminating count I from consideration should have **halved** Mr. Arthur's sentence.

Instead, on resentencing, when nothing had changed other than this Court's elimination of a single count as not being able to be criminalized, the trial court re-configured its math to stick with its original sentence. If the original sentence was reasonable, then the new sentence cannot be reasonable, *a fortiori*, because that

would mean there is no distinction between the offenses for which Mr. Arthur was sentenced at re-sentencing and on original submission, which we know is not the case.

### 1.3.   In comparing the sentence given in this case to the sentence in this and other jurisdictions, the sentence cannot be upheld.

That being the case, this Court should next compare the sentences Mr. Arthur received to the sentences for similar offenses in this and other jurisdictions.

And in doing so, this Court need look no further than its own decisions in *Farrar* and *Ragsdale* to determine that Mr. Arthur's sentence grossly exceeds those sentences despite arguably lesser culpability. For example, Mr. Arthur was convicted ultimately of only two obscene drawings: Farrar had **six**. And Mr. Arthur promoted nothing more than five counts of text-only obscenity and two obscene user profile picture drawings. The Ragsdales engaged in the same business of selling obscenity but sold actual videos featuring real people, and received a sentence a mere fragment of the total time that Thomas Arthur will spend in prison.

The undersigned counsel has also conducted an investigation of sentences for offenses under 18 U.S.C. § 1462, § 1466, and § 1466A in other jurisdictions.

Perhaps not unsurprisingly, prosecutions under these statutes are relatively rare, and none of them come close to the sentence imposed in this case. The sentences are:

| STATUTE | CASE | JURISDICTION | SENTENCE |
|---|---|---|---|
| **18 U.S.C. § 1462** | | | |
| | 4:07-cr-01207-RCC | D. Az. | 420 months (note: this case also involved counts of possession of child pornography, a border search, and en banc rehearing of a granted motion to suppress) |
| | 1:04-cr-00026-MP-AK | N.D. Fl. | 60 months' probation |
| | 1:06-cr-00278-AWI | E.D. Cal. | 5 days (credit for time served) |
| | 2:18-cr-00177-01 | E.D. Cal. | 21 months |
| **18 U.S.C. § 1466** | | | |
| | CV-F-10-161-OWW | E.D. Cal. | 210 months |
| | 1:08-cr-00440-AWI | E.D. Cal. | 188 months |
| | 2:19-cr-00174-ALM | S.D. Oh. | 144 months |
| **18 U.S.C. § 1466A** | | | |
| | 2:07-cr-00136-MHT-WC | M.D. Al. | 100 months |
| | 2:08-cr-00065-MHT-SRW | M.D. Al. | 240 months |
| | 1:05-cr-000495-001 | E.D. Cal. | 120 months |

Fig. 1

In terms of raw comparison, Mr. Arthur's sentence greatly exceeds all other sentences imposed:



Fig. 2a



**Fig. 2b**



Fig. 2c

If those sentences were reasonable, then the sentence of Thomas Arthur falls outside the boundaries of all reason, and this Court should reverse the sentence given and remand the case to the trial court for a proper sentencing.

# CONCLUSION

For the foregoing reasons, the Defendant-Appellant, Thomas Alan Arthur, respectfully prays that this Honorable Court grant the relief requested and issue the appropriate opinions and relief.

Respectfully Submitted,


/s/ Lane Haygood
**LANE A. HAYGOOD**
Texas State Bar Number:  24066670

**HAYGOOD LAW FIRM**
620 N. Grant Ave., Suite 913
Odessa, TX 79761
Telephone:  (432) 279-0411
Fax:  (432) 225-1062
E-mail:  lane@haygoodlawfirm.com

Attorney for the Defendant,
Thomas Alan Arthur

# CERTIFICATE OF SERVICE

I, Lane A. Haygood hereby certify that one true and correct electronic copy of the foregoing Brief for the Defendant-Appellant was electronically served on lead counsel for the Government, Mr. Joseph H. Gay, United States Attorney's Office, Western District of Texas, through the Court's CM/ECF electronic case filing system, to [joseph.gay@usdoj.gov](mailto:joseph.gay@usdoj.gov), as well as to the other counsel for the Government as listed in the Court's CM/ECF electronic case filing system.

/s/ Lane Haygood

**LANE A. HAYGOOD**
Attorney for Thomas Alan Arthur

Dated: September 27, 2023

# CERTIFICATE OF COMPLIANCE

## Certificate of Compliance with Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1.      This brief complies with the type-volume limitations of Fed. R. App. P. 32(a) (7) (B) because this brief contains 2,210 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a) (7) (B) (iii).

2.      This brief complies with the typeface requirements of Fed. R. App. P. 32(a) (5) and the type style requirements of Fed. R. App. P. 32(a) (6) because this brief has been prepared in a proportionally spaced typeface using Matthew Butterick's Typography for Lawyers font pack, being the serif font of Equity for the body text, the sans serif font of Concourse for subheadings, and the sans serif font of Advocate for headings, in 14-point or greater typeface, except in the case of footnotes, which are sized in 12-point typeface.

/s/ Lane Haygood
_____

**LANE A. HAYGOOD**
Attorney for Thomas Alan Arthur

Dated: September 27, 2023