# United States Court of Appeals for the Fifth Circuit

No. 23-50262
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
February 23, 2024
Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Thomas Alan Arthur,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:19-CR-774-1

Before Barksdale, Graves, and Oldham, *Circuit Judges*.

Per Curiam:*

Thomas Alan Arthur operated a website containing stories and drawings with graphic depictions of the rape, murder, and sexual abuse of children. A jury found him guilty on nine counts: three for obscene visual representations of the sexual abuse of children, in violation of 18 U.S.C. § 1466A(a)(1); five for importation or transportation of obscene matters, in

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

violation of 18 U.S.C. § 1462(a); and one for engaging in the business of selling or transferring obscene matters, in violation of 18 U.S.C. § 1466.

On his resulting appeal, our court, *inter alia*, reversed his conviction on one of the three counts of obscene visual representations of the sexual abuse of children and remanded for resentencing. *United States v. Arthur*, 51 F.4th 560, 575 (5th Cir. 2022), *cert. denied*, 143 S. Ct. 846 (2023). On remand, although the district court altered the sentences for some of the individual counts, it imposed the same 480-months' sentence.

Arthur contends his sentence violates the Eighth Amendment because it is grossly disproportionate to his conduct. Review of constitutional challenges is generally *de novo*. *E.g.*, *United States v. Mills*, 843 F.3d 210, 217 (5th Cir. 2016) (reviewing Eighth Amendment challenge *de novo*). The Government asserts review is for plain error, however, because Arthur did not adequately raise this objection in district court. Our court need not resolve this issue because, even assuming the less deferential *de novo* standard of review applies, Arthur has not shown he is entitled to relief. *See United States v. Appellant 1*, 56 F.4th 385, 389–90 (5th Cir. 2022) (declining to resolve standard-of-review question because challenge failed under less deferential *de novo* review), *cert. denied*, 143 S. Ct. 1788 (2023).

We begin by making a threshold comparison between the gravity of the charged offense and the severity of the sentence. *E.g.*, *McGruder v. Puckett*, 954 F.2d 313, 315–16 (5th Cir. 1992). In making the comparison, our court looks to *Rummel v. Estelle*, 445 U.S. 263 (1980), as a benchmark. *E.g.*, *United States v. Hebert*, 813 F.3d 551, 565 (5th Cir. 2015). Arthur's conduct was substantially more serious than the defendant in *Rummel*, who received a life sentence. *See* 445 U.S. at 266, 285 (affirming Rummel's life-sentence conviction for "obtaining $120.75 by false pretenses"). Additionally, Arthur's sentence is within the properly calculated advisory Guidelines

sentencing range of 360 to 840 months, "a convincing objective indicator of proportionality". *United States v. Cardenas-Alvarez*, 987 F.2d 1129, 1134 (5th Cir. 1993) (citation omitted). Because the severity of Arthur's sentence is not grossly disproportionate to the gravity of his charged offenses, it is unnecessary to compare his sentence with other sentences for similar crimes in this and other jurisdictions. *E.g.*, *Hebert*, 813 F.3d at 565–66 (considering only threshold comparison when sentence was not grossly disproportionate).

AFFIRMED.